IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:15-cv-1166 |
| v. | ) ) | **COMPLAINT** |
| CESSNA AIRCRAFT CO., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Cote ("Cote"), Clark Buehler ("Buehler") and a class of similarly situated individuals who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 13-24 below, Cessna Aircraft Co., ("Cessna") failed to hire (withdrew bona fide offers of employment that it made to Cote and Buehler and a class of similarly situated individuals) following post-offer medical examinations because of their disabilities.  In addition, Cessna failed  to consider Cote for subsequent positions for which he applied on the basis of his disability, made impermissible medical inquiries into Cote's medical history after he had provided medical documentation that he could work without restriction, used unlawful qualification standards, and retaliated against Cote by not hiring him after he contested Cessna's unlawful medical inquiry and qualification standard.

1

<u>JURISDICTION AND VENUE</u>

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

<u>PARTIES</u>

3.    Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Cessna, has continuously been incorporated in the State of Wisconsin, and has been doing business in the State of Wisconsin and the City of Milwaukee, Wisconsin, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Cessna has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Cessna has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Cote filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Cessna.

8. On March 4, 2015, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting the Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Cessna to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Cessna a conciliation agreement acceptable to the Commission.

11. On September 1, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least February 2013, Defendant Cessna has engaged in unlawful employment practices at its Wisconsin, Kansas, and other facilities, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (d).

14. In May 2013, Cessna offered William Cote a job as an Aircraft Inspector in Milwaukee, Wisconsin, conditioned on a medical examination. Cote was a qualified individual capable of performing the essential functions of the position with or without accommodation.

3

15. During the medical examination, Cote disclosed his history of treatment to his hands, wrists, and elbows for the diagnosed conditions of ulnar neuropathy and bilateral carpal tunnel syndrome. Cote's medical examination was scored as "able to perform the essential functions listed" and "no medical restrictions indicated." The next day, Cote underwent scheduled out-patient surgery for carpal tunnel syndrome. On or about May 31, 2013, Cessna requested that Cote's doctor provide information about when Cote would reach maximum medical improvement. Cote's doctor instead provided a return to work with no restrictions authorization. Cessna then demanded additional medical records. Cote's doctor sent additional medical records and another return to work with no restrictions authorization. On June 19, 2013, Cessna rescinded Cote's job offer.

16. During his term as a conditional employee, Cote alerted Cessna that he contested the appropriateness of using maximum medical improvement standards when he had suffered no workplace injury and contested the repeated requests for additional medical information.

17. In July 2013, Cote applied for the re-opened position of Aircraft Inspector in Milwaukee, Wisconsin. Cote was not selected for this position. Cote also applied for positions at Cessna in February and August 2014 for which he was not selected.

18. In March 2013, Cessna offered Clark Buehler a job as an Aircraft Structures Mechanic in Wichita, KS, conditioned on a medical examination. Buehler was a qualified individual capable of performing the essential functions of the position with or without accommodation.

19. After extending the conditional offer to Buehler, Cessna reviewed Buehler's worker's compensation records and discovered that in 2001 Buehler had been assessed

restrictions for a shoulder injury at a previous employer. Cessna rescinded its job offer from Buehler on the basis that the historic restrictions could not be accommodated.

20. Cessna discriminated against Cote, Buehler, and a class of similarly situated individuals by refusing to hire them based on their disabilities, their record of disabilities, or because Cessna regarded Cote, Buehler, and the class as disabled in violation of 42 U.S.C. § 12112(a).

21. Cessna discriminated against Cote by refusing to hire him for the positions to which he applied in 2013 and February and August 2014 based on his disability, his record of disability or because Cessna regarded him as disabled in violation of 42 U.S.C. § 12112(a).

22. Cessna retaliated against Cote by failing to consider and hire him for the openings for which he applied in 2013 and 2014 because of his opposition to the practices described in Paragraphs 15-17 above, in violation of 42 U.S.C. §12203.

23. Cessna discriminated against Cote by applying an unlawful qualification standard (achievement of maximum medical improvement) that has the effect of discriminating on the basis of disability in violation of 42 U.S.C. § 12112(a) and (b)(6).

24. Cessna subjected Cote to additional medical inquiries because of disability in violation of 42 U.S.C. § 12112(d).

25. The effect of the practices complained of in paragraphs 13-24 above has been to deprive Cote, Buehler and a class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their disabilities.

26. The unlawful employment practices complained of in paragraphs 13-24 above were intentional.

27.   The unlawful employment practices complained of in paragraphs 13-24 above were done with malice or with reckless indifference to the federally protected rights of Cote, Buehler, and a class of similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Cessna, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability.

B.   Grant a permanent injunction enjoining Defendant Cessna, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from using maximum medical improvement as a qualification standard for job applicants and conditional employees.

C.   Grant a permanent injunction enjoining Defendant Cessna, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making medical inquiries prohibited by Section 102(d)(3) of the ADA, 42 U.S.C. §12112(d)(3).

D.   Grant a permanent injunction enjoining Defendant Cessna, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against applicants or conditional employees who oppose practices that unlawfully discriminate or tend to discriminate on the basis of disability.

E.   Order Defendant Cessna to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

F.   Order Defendant Cessna to make whole Cote, Buehler, and a class of similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu of instatement of Cote, Buehler, and a class of individuals.

G.   Order Defendant Cessna to make whole Cote, Buehler, and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-24 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

H.   Order Defendant Cessna to make whole Cote, Buehler, and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-24 above, including  emotional pain, suffering, inconvenience, humiliation and mental anguish, in amounts to be determined at trial.

I.   Order Defendant Cessna to pay Cote, Buehler, and a class of similarly situated individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 13-24 above, in amounts to be determined at trial.

J.   Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY

7

COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


John C. Hendrickson
Regional Attorney


Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8116
jean.kamp@eeoc.gov


Dated: September 29, 2015          *s/Camille A. Monahan*
                                   Camille Monahan
                                   Trial Attorney
                                   Equal Employment Opportunity Commission
                                   Milwaukee Area Office
                                   310 W. Wisconsin Avenue, Suite 500
                                   Milwaukee, WI 53203
                                   Telephone: (414) 297-3548
                                   Fax: (414) 297-3146

                                   ATTORNEYS FOR PLAINTIFF

8